UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID R. MASON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-00783 |
| | ) Judge Sharp |
| | ) |
| JEH JOHNSON, Secretary, Department | ) |
| of Homeland Security | ) |
| | ) |
| Defendant. | ) |

# ORDER

In this employment discrimination case brought by Plaintiff David R. Mason, a Financial Specialist with the Transportation Security Administration ("TSA"), Magistrate Judge Bryant has issued a Report and Recommendation ("R & R") (Docket No. 26) in which he recommends that Defendant's Motion to Dismiss be granted and the Complaint be dismissed. Despite being advised that any Objections needed to be filed within fourteen days, Plaintiff has filed none.

The essence of Plaintiff's Complaint is that he, a white male, was subjected to discriminatory treatment because he was disciplined in 2008 for failing to certify invoices but another employee, a black female, was not disciplined for the same behavior in 2011. Because, however, the alleged mistreatment of Plaintiff occurred in 2008, and he did not contact an EEOC counselor until October 8, 2011, long after the 45 day period set forth in 29 CFR 1614,105(a)(1) expired, Magistrate Judge Bryant found the claim to be untimely. He also found no basis for equitable tolling because, under <u>Amini v. Oberlin College</u>, 259 F.3d 493, 499 (6th Cir. 2001), the clock began ticking at the time Plaintiff learned of the employment decision, not at the time he

1

learned what the motivation for that decision may have been.

In accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the record, agrees with Magistrate Judge Bryant's recommended disposition, and will accept the R & R. A review of the record also shows, however, that Plaintiff has filed a "Motion to Stay Position Elimination" (Docket No. 24) that has not been addressed. (Docket No. 24).

According to the Motion to Stay, Plaintiff was informed by Memorandum dated April 25, 2014, that his position was identified for elimination as part of a realignment of the TSA. The Memorandum, however, goes on to outline the opportunities for employees impacted by the realignment to request voluntary placement in another position within the TSA.

For two reasons, Plaintiff's Motion to Stay will be denied. First, Plaintiff's allegations about the elimination of his position are completely unrelated to his Complaint, which alleges violations of Title VII – he does not even claim that the elimination of his position was in violation of Title VII. Second, Plaintiff is effectively seeking to preliminarily enjoin the TSA, but a "preliminary injunction is an extraordinary measure – 'one of the most drastic tools in the arsenal of judicial remedies,'" Farnsworth v. Nationstar Mtg., LLC, 2014 WL 2743508, at *4 (6th Cir. June 17, 2014), and Plaintiff has made no arguments regarding the four factors, see e.g., Overstreet v. Lexington-Fayette Urban Co. Gov't, 305 F.3d 566, 573 (6th Cir. 2002), that are typically weighed to determine whether the extraordinary relief of a preliminary injunction is appropriate.

Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket No. 26) is ACCEPTED and APPROVED;

(2) Defendant's Motion to Dismiss (Docket No. 15) is GRANTED;

(3) Plaintiff's Motion to Stay Position Elimination (Docket No. 24) is DENIED; and

(4) Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE